E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

# UNITED STATES DISTRICT COURT
для the
Eastern District of Pennsylvania

| | |
|---|---|
| Ahmeen Mustafa <br> *Plaintiff(s)* <br> (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) <br> -v- <br> Deputy Superintendent, M. Biser Sipple <br> Property Sergeant, Curran (sergeant) <br> *Defendant(s)* <br> (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.) | Case No. ____19-CV-2456____ <br> *(to be filled in by the Clerk's Office)* |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

The Clerk will not file a civil complaint unless the person seeking relief pays the entire filing fee (currently $350) and an administrative fee (currently $50) in advance, or the person applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915. A prisoner who seeks to proceed in forma pauperis must submit to the Clerk (1) a completed affidavit of poverty and (2) a copy of the trust fund account statement for the prisoner for the six month period immediately preceding the filing of the complaint, obtained from and certified as correct by the appropriate official of each prison at which the prisoner is or was confined for the preceding six months. See 28 U.S.C. § 1915(a)(2).

If the Judge enters an order granting a prisoner's application to proceed in forma pauperis, then the order will assess the filing fee (currently $350) against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct an initial partial filing fee equal to 20% of the greater of the average monthly deposits to the prison account or the average monthly balance in the prison account for the six-month period immediately preceding the filing of the complaint, as well as monthly installment payments equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00, until the entire filing fee has been paid. See 28 U.S.C. § 1915(b). **A prisoner who is granted leave to proceed in forma pauperis is obligated to pay the entire filing fee regardless of the outcome of the proceeding, and is not entitled to the return of any payments made toward the fee.**

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Ahmeen MUSTAFA
All other names by which you have been known: # CZ-1808
ID Number: 1200 Mokychic Drive
Current Institution
Address:
Collegeville  PA  19426-0244
City   State   Zip Code

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: Deputy Superintendent, M. Biser Sipple
Job or Title (if known):
Shield Number: 1200 Mokychic Drive
Employer:
Address:
Collegeville  PA  19426-0244
City   State   Zip Code
☒ Individual capacity  ☒ Official capacity

Defendant No. 2
Name: Sergeant, Curran
Job or Title (if known): Property Sergeant
Shield Number:
Employer: 1200 Mokychic Drive
Address:
Collegeville  PA  19426-0244
City   State   Zip Code
☒ Individual capacity  ☒ Official capacity

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

Defendant No. 3
  Name _____
  Job or Title *(if known)* _____
  Shield Number _____
  Employer _____
  Address _____
  _____
  City _____ State _____ Zip Code _____
  ☐ Individual capacity   ☐ Official capacity

Defendant No. 4
  Name _____
  Job or Title *(if known)* _____
  Shield Number _____
  Employer _____
  Address _____
  _____
  City _____ State _____ Zip Code _____
  ☐ Individual capacity   ☐ Official capacity

II. **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),* you may sue federal officials for the violation of certain constitutional rights.

  A. Are you bringing suit against *(check all that apply)*:

   ☐ Federal officials (a *Bivens* claim)

   ☒ State or local officials (a § 1983 claim)

  B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
   Deliberate Indifference, CRUEL AND UNUSUAL PUNISHMENT, Due Process, Discrimination, Equal Protection, and Supervisory Liability  (see Rider)

  C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

_See Rider attached:_

III. **Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☒ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)*

IV. **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

_See Rider attached:_

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

_See Exhibit_

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

C. What date and approximate time did the events giving rise to your claim(s) occur?

7·18·19

See EXHIBITS:

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See EXHIBITS:

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

By being denied the once approved air cushion/air bubble sneakers and boots I suffer pain in my left heel and I have a torn ACL by over compensating my right leg. My ACL is torn in my right knee. The Orthopedic, Dr. Gordon sent me out for a MRI in January 2020. I've been getting cortisone shots in my back because My L5 thou S1 is narrow for the offset spinal alignment. This X-Ray was taken in 2018 and has gotten worse because the sneakers I was approved to order at SCI Fayette by Dr. Herbik, has deflated.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

$160,000 per defendant for compensatory, punitive, monetary, physical, mental and emotional damage and injuries. And allowed to order the once approved air cushion/air bubble sneaker and boots

(see EXHIBIT:

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

SCI Phoenix
1200 Mokychic Drive
Collegeville, PA 19426-0244

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Per Policy, the 13.2.1 Access to Health Care Procedures Manual Section 10 "Medical Orders for Special Items", allows me to order these sneakers and boots because their Health Care Provider does not provide AIR BUBBLES/AIR CUSHION SNEAKERS or BOOTS. SEE EXHIBIT

Page 6 of 11

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☒ No

E. If you did file a grievance:

1. Where did you file the grievance?

SCI - Phoenix

2. What did you claim in your grievance? That I be allowed to receive my sneakers and boots that I was approved to receive, which sgt. Curran, interferred in by telling Deputy Superintendent Mandy Biser Sipple that they're too nice. They in turn modified a prescribed treatment.

3. What was the result, if any? They took an entire year to deny the grievance by claiming that its a 'security reason.'

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

I properly exhausted all three stages of the grievance process. Enclosed is the history, proof and facts of injury of foot and approval at other Institution to order Air bubble shoes/sneakers

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

   N/A

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   N/A

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

   See EXHIBITS:

(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) _____N/A_____
   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*
   _____N/A_____

3. Docket or index number
   _____N/A_____

4. Name of Judge assigned to your case
   _____N/A_____

5. Approximate date of filing lawsuit
   _____N/A_____

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition. _____N/A_____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____N/A_____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?
   _____N/A_____

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

☐ Yes

☒ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s)    N/A
   Defendant(s)

2. Court *(if federal court, name the district; if state court, name the county and State)*

   N/A

3. Docket or index number    N/A

4. Name of Judge assigned to your case    N/A

5. Approximate date of filing lawsuit    N/A

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition    N/A

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   N/A

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 7·7·21

Signature of Plaintiff: Ahmeen Mustafa
Printed Name of Plaintiff: Ahmeen Mustafa
Prison Identification #: CZ-1808
Prison Address: 1200 Mokychic Drive
Collegeville, PA 19426-0244

### B. For Attorneys

Date of signing:

Signature of Attorney:
Printed Name of Attorney:
Bar Number:
Name of Law Firm:
Address:

Telephone Number:
E-mail Address:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AHMEEN MUSTAFA,<br>Plaintiff,<br><br>v.<br><br>MANDY BISER SIPPLE, Deputy Superintendent and SERGEANT CURRAN, Property Sergeant,<br>Defendants. | CIVIL ACTION<br><br>No. _____ |

# I. COMPLAINT

1. Plaintiff AHMEEN MUSTAFA ("Plaintiff"), pro se, brings this action pursuant to 42 U.S.C. Section 1983 for violation of his civil rights under the United States Constitution. Defendants Mandy Biser Sipple and Sergeant Curran, collectively referred to as ("Defendants") acted under color of state law and engaged in unconstitutional activities, including denying Plaintiff rights guaranteed under the First, Eighth and Fourteenth Amendments for Discrimination, Deliberate Indifference, Cruel and Unusual treatment, pain and suffering, Equal treatment and Due Process.

## II. JURISDICTION & VENUE

2. This Court has jurisdiction pursuant to 42 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Eastern District of Pennsylvania as Defendants are employed and/or domiciled in the District and the acts complained of occurred in the District.

## III. PARTIES

4. The plaintiff Ahmeen Mustafa, was incarcerated at SCI Phoenix ("Phoenix") during the events described in this complaint.

5. Defendant Mandy Biser Sipple is the Deputy Superintendent for the Administration at Phoenix and is in charge of Centralize Services (Medical Department). She is being sued in her individual capacity.

6. Defendant Sergeant Curran is a correctional Sergeant at Phoenix and is responsible for the packing and distribution of prisoners personal property. He is sued in his individual capacity.

## IV. FACTS

7. On 7-18-19, the plaintiff learned that defendants Sergeant Curran called Mandy B. Sipple to the property room and told her to deny letting plaintiff Mustafa's medically approved air bubble/air cushion boots and sneakers in his possession because they were "too nice looking."

8. On 7-20-19, the plaintiffs medical order was confiscated after being allowed to order them by submitting a cash slip to deduct the money from his account, an Outside Purchase Approval Form that was approved by personnel and the order was processed.

9. The order of the medically approved boots and sneakers came to the institutions mailroom where the mailroom supervisor verifies and processes the order and contacts the property sergeant, defendant Sergeant Curran, to pick up the packages and call the prisoners of SCI-Phoenix to pick up their property. Plaintiff Mustafa's was confiscated by defendant Sergeant Curran.

10. Defendant Curran interjected himself via contacting defendant Sipple to support his "personal" efforts to deny plaintiff access to his medically prescribed treatment items.

11. The 1st Amendment covers the Discrimination in practice, treatment to some prisoners verse others or another, like how defendant's let one prisoner order air bubble/air cushion sneakers after plaintiff's boots and sneakers were denied.

2

12. The 14th Amendment covers the right to equal treatment and practice in the allowance of EASTBAY medically approved sneakers not to discriminate, but the exercise of DUE PROCESS.

13. The 8th Amendment covers the issue of cruel treatment from Defendants that resulted in pain, suffering, harm and injury as a result of their action. The Deliberate Indifference covers Defendants intent, knowledge, and awareness of harm and violation they could cause by denying the medically approved sneakers and boots.

14. Defendants knew, should have known, they were told, seen the medical approval, but chose to put their personal bias over an expert Medical Doctor. Example: Defendants were more concerned about how the sneakers and boots looked versus the medical and health reasons to justify their intentional denial of the 1st, 8th and 14th Amendment Rights.

15. Futhermore, the D.O.C. Policy 13.2.1, Access to Health Care Procedures Manual, pp 10-2 - 10-5; Section 10 at pp. 20-24, (See, Attachment of grievance).

16. The Medical Doctors all agreed, see attached grievance pp. 4 & 5. Also digitized record of 1-29-20, ORTHOPEDIC DOCTOR, Dr. Gordon confirmed these air bubble/air cushion shoes.

17. Defendants job is care, custody & control, not medical decisions. Yet they deprived plaintiff Mustafa his right under the color of state law. Thus, defendants are liable in their individual capacities - as Federal District Judges accept claims where plaintiffs can verify Medical Doctors approval. The Grandfather Clause.

## V. EXHAUSTION OF LEGAL REMEDIES

18. On 7-22-19, plaintiff used the prisoner grievance procedure available at SCI-Phoenix to try and solve the problem. Plaintiff Mustafa presented the facts related to this complaint.

19. The grievance consisted of exhibits of plaintiff being authorized to purchase the air bubble/air cushion sneakers at other prisons and the authorization from Dr. Herbik, at SCI-Fayette on 1-8-16. (See page 5 of grievance). Also see, Outside Purchase Approval Forms, Cash Slips and receipts, of grievance on pp. 6-15; while at SCI-Fayette.

3

20. On 12-23-19 Defendant Sipple denied grievance by stating that by ordering the once approved sneaker and boot places a "security reason" on the institution

21. On 1-3-20, plaintiff appealed the grievance to the Superintendent of SCI-Phoenix and on 1-17-20 the grievance appeal was denied.

22. On 2-6-20 plaintiff appealed the grievance to the last final stage which was also denied by the Chief Grievance Officer on 5-13-20.

## VI. LEGAL CLAIMS
### Denial of Medical Care

23. Plaintiff Mustafa was denied access to his air bubble/air cushion sneakers that were already approved by Medical Doctor, Dr. Herbik and approved at SCI-Fayette.

24. Since the denial of the once approved medical order, plaintiff has suffered a torn ACL (25% TORN ACL) in his right knee due to over compensation of right leg. Plaintiff has been scheduled to see the ORTHOPEDIC at an outside hospital to schedule surgery because of constant and consistent pain.

25. Plaintiff has had two Cortisone shots in his back. The last Cortisone shot was June 2021 because his old air bubble shoes (sneakers and boots) has deflated by being worn for over 4 years.

26. On 1-15-20 an M.R.I. was performed. On 1-29-20, Dr. Gordon, ORTHOPEDIC, told plaintiff that he has a 25% Torn ACL and that he does need to use the air bubble/air cushion shoe because this will help the left heel injury in which plaintiff was shot in with a .45 caliber bullet shattering it. And that these shoes assist with not placing too much weight on the right leg and will assist in aligning his back and over compensating the right leg, relieving the pain in his back.

27. Plaintiff suffers a narrow L-5 thru S1 in his spine. Dr. Gordon, placed this order in plaintiff's medical file on 1-29-20 again as Dr. Herbik, did on 1-8-16.

28. The prescribed air bubble/air cushion shoe treatment acts as a heel replacement to absorb pressure/body weight when engaging in basic daily activities, such as walking.

4.

29. Plaintiff Mustafa was denied access to the sneakers and boots under the guise as a "security" to the institution and there was no security issue of him having already in his possession of 4 pairs of air bubble/air cushion shoes when plaintiff ordered the new shoes due to the old one's air bubbles has worn out and deflated over a 4 year period.

30. Defendants Sergeant Curran and Sipple did not want the plaintiff to have the sneakers and boots because of personal reasons, placing style to their dislike over medical reasons.

31. Defendant Sipple claims the health care provider offered orthopedic (diabetic) shoes which is not true. Plaintiff was already seen by a PA DOC DOCTOR, Dr. Herbik, who stated the severity of his foot injury and approved for the plaintiff to order the air bubble/air cushion shoes since the then medical provider they (PA DOC) were under (CORIZON) did not provide these particular shoes with the air bubbles. This was done on 1-8-16. (See page 5 of attached grievance).

## VII. DELIBERATE INDIFFERENCE

32. When Plaintiff Mustafa grieved the issue in appeal, he stated that since the new medical provider (Wellpath) does not provide these shoes as the previous medical provider (CORIZON) did not, how can he get the air bubble/air cushion shoe.

33. Defendant Sipple still would not allow plaintiff to receive his medically approved sneakers and boots after defendant Sipple was provided with all institutional documentation attached to his grievance showing that he was already approved by the PA DOC DOCTOR at SCI-Fayette prison.

34. Defendant Sipple is in charge of the Medical Department and has influence and power over the medical staff which is an abuse of power. She had medical staff falsify documentation in plaintiff's medical record claiming they offered orthopedic shoes and inserts. Plaintiff denies this.

35. Plaintiff had heel cups which is better than a shoe insert provided to him at SCI-Fayette in 2015. (See page 5 of attached grievance) These heel cups did not work and this is why in 2016 plaintiff Mustafa was prescribed by licensed medical practitioner, Dr. Herbik, and prison security because there was no security issue, to order said air bubble/air cushion sneakers and boots due to medical provider (CORIZON) not having available shoes like the one's needed.

5

36. Plaintiff spoke to numerous medical staff employees during sick call about the receiving of sneakers and they said it was approved already and never should have been disapproved by defendants Sipple and Sgt. Curran, because they are not doctors, unless plaintiff violated a rule to disrupt the security of the prison. And that they (Medical) cannot do anything about it, pertaining to receiving them because defendant Sipple has placed a road block.

37. Plaintiff was provided the necessary medical treatment by being allowed to order the air bubble/air cushion shoe at SCI-Fayette. Then defendant Sipple claims that (Wellpath) medical provider does not provide these type shoes and defendant refuses to allow plaintiff to continue ordering them. And by defendant denying this, plaintiff has torn his ACL and suffers pain his damaged heel, knee, and back on a daily basis, which is cruel and unusual punishment and a deliberate indifference.

39. Plaintiff has been receiving weekly physical therapy for his back and knee for over a year. And X-Rays have shown in 2018 that his L-5 thru S-1 in his spine is narrow causing his disc to bulge. All from the over compensation on right leg because of the pain and bone-on-bone feeling in his heel and ankle where the bullet (45 caliber) entered and heel which it exited.

## VIII. EQUAL PROTECTION

40. Plaintiff Mustafa was in the Restricted Housing Unit from September 2020 to December 2020 and spoke with an inmate that has medical issues with his foot or feet that warrants him to wear air bubble/air cushion sneakers/shoes as plaintiff.

41. After speaking with the prisoner, plaintiff asked the prisoner when did he purchase these NIKE AIR MAX (air bubble/air cushion sneakers, the same shoes plaintiff ordered), and where did he order them from, because the medical department does not provide them.

42. The prisoner stated that he purchased the AIR BUBBLE/AIR CUSHION shoes before the Covid 19 pandemic in late 2019. And that he purchased them from EASTBAY, the same company where Plaintiff Mustafa purchased his while at SCI-Fayette and at SCI-Phoenix. See pages 6 thru 15 of attached grievances.

43. The prisoner told Plaintiff that defendant Sergeant Curran told him, "I hope that you're not ordering some flashy looking sneakers like Mustafa did."

44. Plaintiff was told in grievance response dated 12-23-19 from defendant Sipple that ordering the sneakers or receiving them is a "security reason" and (Wellpath) medical provide will purchase plaintiff orthopedic shoes that has no air bubble/air cushion.

45. Plaintiff never abused his medically prescripted treatment of ordering his sneakers or boots in the past, so why would it be a "SECURITY reason" and denial of receiving the already approved sneakers and boots, when it wasn't any for this prisoner that was allowed to do the same thing and order them from the same company that I did.

46. This outside purchase of this type of sneaker and/or boot are allowed by inmates throughout the PA DOC and can be verified. The outside purchase form of the prisoner that was in the Restricted Housing Unit with plaintiff at SCI-Phoenix can be verified. There are records to this purchase.

47. If plaintiff was not authorized to order these medically approved sneakers and boots, the Outside Purchase Form would have been denied. No monies would have been removed from plaintiff's account, nor would have the shoes entered SCI-Phoenix. See OUTSIDE PURCHASE FORM on page 19 of attached grievance where it was approved on 4-8-19.

## IX. INTERFERENCE WITH MEDICAL TREATMENT

48. Defendants Sergeant Curran and Deputy Superintendent Sipple are not licensed medical practitioners and they exceeded their powers by denying plaintiff's already prescribed treatment.

49. Defendant Curran's conduct is arbitrary and his job was only to call plaintiff to the property room to pick up his approved purchase sneakers and boots.

7

50. Instead, defendant Curran contacted defendant Sipple, the Deputy Superintendent of Medical Staff to collude a way to stop plaintiff from receiving his medically approved sneakers and boots.

51. Defendant Sipple did this by having medical falsify a treatment that plaintiff never heard of, claiming that they offered plaintiff 'inserts,' which will never had worked, and orthopedic shoes that does not have the air bubbles like all plaintiffs NIKE AIR MAX, that have the air bubbles/air cushion. The orthopedic shoes are flat soles or diabetic and plaintiff is not diabetic.

## X.  PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully pray that this court enter judgment:

52. Granting Plaintiff Mustafa a declaration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States, and

53. A permanent injunction ordering defendants Sipple and Curran to cease their denial of plaintiff Mustafa ordering his already approved medical shoes and physical abuse.

54. Granting Plaintiff Mustafa compensatory damages in the amount of $160,000.00 against each defendant jointly and severally

55. Plaintiff Mustafa seeks punitive damages in the amount of $160,000. Plaintiff seeks these damages against each defendant, jointly and severally

56. Plaintiff also seeks a jury trial on all issues triable by jury

57. Plaintiff also seeks recovery of their costs in this suit, and

58. Any additional relief this court deems just, proper, and equitable

Dated: July 11, 2021

Respectfully submitted,
Ahmeen Mustafa
Ahmeen Mustafa
#CZ-1808
1200 MOKYCHIC DRIVE
COLLEGEVILLE, PA 19426-0244

8

# VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under the penalty of perjury that the foregoing is true and correct.

Executed at Collegeville, Pennsylvania on July 11, 2021

*Ahmeen Mustafa*
AHMEEN MUSTAFA